# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

MICHAEL L. McLAUGHLIN,

                Plaintiff,

vs.

CENTRAL PENINSULA GENERAL HOSPITAL, *et al.*,

                Defendants.

Case No. 3:19-cv-00154-TMB-MMS

## **ORDER RE: AMENDED JUDGMENT**

On May 30, 2019, self-represented prisoner Michael L. McLaughlin filed a "Complaint for Violation of Civil Rights and the False Claims Act" along with a Civil Cover Sheet, a Prisoner's Application to Waive Prepayment of the Filing Fee, and a Declaration of a Timely Inmate Filing.[1] On September 23, 2019, Mr. McLaughlin filed a "Motion Seeking Acceptance of an Amended Complaint to Facilitate Permissive Joinder of Plaintiff United States" ("Motion to Amend")[2] and a Motion to Seal along with a 51-page "Plaintiff's First Amended Complaint for Violation of Civil Rights and the False Claims Act" ("First Amended Complaint").[3] On November 25, 2019, the Court issued a Screening Order dismissing the case

---

[1] Dockets 1–4.

[2] Docket 6.

[3] Docket 7 & 7-1.

without prejudice and entered a final judgment.[4] The Screening Order and Judgment indicate that Mr. McLaughlin received a strike, because as a prisoner seeking leave to proceed *in forma pauperis*, he failed to state a claim as required by 28 U.S.C. § 1915.[5]

Federal Rule of Civil Procedure 60(a) permits a Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." The Court may take such action "on motion or on its own, with or without notice."[6]

28 U.S.C § 1915(g), also known as the "Three Strikes Provision" of the Prison Litigation Reform Act, requires that federal courts restrict the filings of *in forma pauperis* prisoners after three actions are dismissed for being frivolous, malicious, or failing to state a claim.[7] A court "should look to the substance of the dismissed lawsuit in order to determine whether it can be counted as a 'strike.'"[8]

---

[4] Dockets 8 (Screening Order) & 9 (Judgment).

[5] *Id.*

[6] Fed. R. Civ. P. 60(a).

[7] 28 U.S.C. § 1915(g) provides that a prisoner who files more than three actions or appeals in any federal court in the United States, that are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[8] *El-Shaddai v. Zamora*, 833 F.3d 1036, 1047 (9th Cir. 2016).

In this action, Mr. McLaughlin's case was dismissed for failure to state a claim.[9] However, the dismissal of this action was without prejudice, because Mr. McLaughlin's claims were procedurally barred at this time.[10] The Court has not made a final determination on the merits of Mr. McLaughlin's claims.

Accordingly, the Court removes the strike against Mr. McLaughlin. The Clerk of Court is directed to amend Mr. McLaughlin's judgment and remove the strike under 28 U.S.C. § 1915(g). Furthermore, the Clerk of Court is directed to send a copy of this Order with Mr. McLaughlin's amended judgment.

DATED at Anchorage, Alaska, this 31st day of December, 2019.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[9] Docket 8.

[10] *Id.*