IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL L. McLAUGHLIN,<br><br>                Plaintiff,<br><br>  vs.<br><br>CENTRAL PENINSULA GENERAL HOSPITAL, *et al.*,<br><br>                Defendants. | Case No. 3:19-cv-00154-TMB-MMS |

## ORDER RE: MOTION FOR AMENDED JUDGMENT

On May 30, 2019, self-represented prisoner Michael L. McLaughlin filed a "Complaint for Violation of Civil Rights and the False Claims Act" along with a Civil Cover Sheet, a Prisoner's Application to Waive Prepayment of the Filing Fee, and a Declaration of a Timely Inmate Filing.[1] On September 23, 2019, Mr. McLaughlin filed a "Motion Seeking Acceptance of an Amended Complaint to Facilitate Permissive Joinder of Plaintiff United States" ("Motion to Amend")[2] and a Motion to Seal along with a 51-page "Plaintiff's First Amended Complaint for Violation of Civil Rights and the False Claims Act" ("First Amended Complaint").[3]

On November 25, 2019, the Court issued a Screening Order dismissing the

---

[1] Dockets 1–4.

[2] Docket 6.

[3] Docket 7 & 7-1.

case without prejudice for failure to state a claim upon which relief may be granted.[4] The Court reasoned that the Court must abstain from his civil rights claims, due to *Younger* abstention and the direct association to Mr. McLaughlin's ongoing state criminal matter. Additionally, the Court found that Mr. McLaughlin could not bring a *qui tam* suit as a *pro se* litigant. Lastly, the Court concluded that it did not have jurisdiction over Mr. McLaughlin's various tort claims. After issuance of the final judgment, the Court moved *sua sponte* to correct a clerical error in the judgment.[5]

On December 30, 2019, Mr. McLaughlin filed a "Motion Seeking to Alter or Amend the Judgment" ("Motion for Amended Judgment").[6] In his Motion for Amended Judgment, Mr. McLaughlin moves the Court under Rule 59(e) of the Federal Rules of Civil Procedure.[7] Mr. McLaughlin asserts that the Court's reasoning in its Screening Order at Docket 8 is incorrect. Mr. McLaughlin disagrees with this Court's application of the *Younger* doctrine in abstaining from his civil rights claims.[8] Furthermore, Mr. McLaughlin disagrees with this Court's reliance on precedent that establishes that *pro se* litigants may not bring *qui tam*

---

[4] Dockets 8 (Screening Order) & 9 (Judgment).

[5] Dockets 9, 15–16 (Order Re: Amended Judgment and Judgment).

[6] Docket 13.

[7] See Docket 13 at 1, 12–13.

[8] Docket 13 at 12–18.

3:19-cv-00154-TMB-MMS, *McLaughlin v. Cent. Peninsula Gen. Hosp., et al.*
Order Re: Motion for Amended Judgment
Page 2 of 4

Case 3:19-cv-00154-TMB-MMS   Document 17   Filed 01/28/20   Page 2 of 4

actions on behalf of the United States.[9]  Additionally, Mr. McLaughlin raises concerns about his attempted service on the United States regarding his *qui tam* claims.[10]  For relief, Mr. McLaughlin requests that the Court either reverses its decision allowing his claims to proceed, stay the proceeding, or grant his prior motion to proceed *in forma pauperis* in order for him to proceed on appeal.[11]

Federal Rule of Civil Procedure 59(e) permits a court to "alter or amend a judgment" within 28 days after the entry of judgment.  District courts have "considerable discretion" when ruling on 59(e) motions.[12]  However, relief should only be granted in "highly unusual circumstances", such as (1) a clear error of law or fact, (2) "newly discovered or previously unavailable evidence"; (3) a "manifestly unjust" decision; or (4) "an intervening change in the controlling law."[13]

Mr. McLaughlin has filed his Motion for Amended Judgment within the 28-day limit.  However, he has not presented the Court with sufficient reasons to reexamine or overturn its prior decision. The Court finds Mr. McLaughlin's arguments unpersuasive.  He has not established a clear error of law or fact, newly

---

[9] Docket 13 at 21-22.

[10] Docket 13 at 18-21.

[11] Docket 13 at 18.

[12] See *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 220 (D. Ariz. 2012)

[13] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

3:19-cv-00154-TMB-MMS, *McLaughlin v. Cent. Peninsula Gen. Hosp., et al.*
Order Re: Motion for Amended Judgment
Page 3 of 4

discovered evidence, manifest injustice, or an intervening change in law. Mr. McLaughlin disagrees with this Court's interpretation and application of statute and precedent. His arguments on the law are best presented before the Ninth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED:**

1. The Court **GRANTS IN PART and DENIES IN PART** Mr. McLaughlin's Motion for Amended Judgment at Docket 13. The Motion is granted solely as to his request to reconsider his Motion to Proceed *In Forma Pauperis* at Docket 3;

2. The Court has reconsidered the Motion to Proceed *In Forma Pauperis* at Docket 3, and the Motion is **GRANTED** for the purposes of appeal.

3. The remaining substance of Mr. McLaughlin's Motion for Amended Judgment at Docket 13 to alter or amend the judgment is **DENIED**.

4. The Court reminds Mr. McLaughlin that he has thirty (30) days from the date of this Order to file a timely Notice of Appeal.[14]

DATED at Anchorage, Alaska, this 28th day of January, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[14] FRAP 4(a)(1)(A).

3:19-cv-00154-TMB-MMS, *McLaughlin v. Cent. Peninsula Gen. Hosp., et al.*
Order Re: Motion for Amended Judgment
Page 4 of 4

Case 3:19-cv-00154-TMB-MMS   Document 17   Filed 01/28/20   Page 4 of 4